IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIRK CIANCIOLO, D.O.

     Plaintiff,

v.                                     CASE NO. 1:11-cv-196-SPM-GRJ

AVMED, INC., d/b/a
AVMED HEALTH PLANS,

     Defendant.

_____/

## O R D E R

This matter is before the Court on Defendant's Motion To Compel Sworn Interrogatory Answers From Plaintiff. (Doc. 20.)  Plaintiff has filed a Response (Doc. 24) and therefore the motion is ripe for review.

Defendant requests the Court to enter an order compelling Plaintiff to provide sworn responses to Defendant's Second Set of Interrogatories, Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories and Defendant's Third Set of Interrogatories. As Defendant points out Rule 33(b)(1) & (2) of the Federal Rules of Civil Procedure requires that the answers to interrogatories must be answered under oath. While Plaintiff provided unverified answers to the interrogatories the Plaintiff had not provided verified responses at the time the motion was filed. Defendant requires the verified responses so that it can utilize the responses, if necessary, at the deposition of Plaintiff scheduled for February 20, 2012.

In his Response Plaintiff represents that on February 15, 2012 he provided Defendant with verified answers to Defendant's first, second and third set of interrogatories as requested in Defendant's motion. Accordingly, the Defendant was

provided with the verified answers in sufficient time to utilize them at the February 20, 2012 deposition of Plaintiff. As such, Defendant's motion to compel is due to be denied as moot.

In its motion Defendant also requests an award of attorney's fees pursuant to Rule 37(a)(5)(A) for filing the motion. Although Plaintiff has not directly addressed the request for attorney's fees in his Response, Plaintiff points out that the failure to provide the verified answers without the necessity of filing a motion was due to the fact that the parties were unable to reach one another to resolve this issue. Additionally, as Plaintiff argues in his Response, Plaintiff agreed to provide verified responses before Plaintiff's deposition and despite the filing of the motion the verified response were provided in sufficient time to be used at Plaintiff's deposition.

Rule 37(a)(5) provides "if the disclosure or requested discovery is provided after the motion was filed – the court must ... require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  As written the Rule mandates that the Court award fees where the responses to the discovery requests are provided after the filing of the motion. The Rule, however, provides an exception to the requirement that the Court "must" award of attorney's fees in situations where the court finds that the "opposing party's nondisclosure ... was substantially justified" or finds "other circumstances make an award of expenses unjust."  Id.

In view of the fact that Defendant had been provided with unverified answers prior to filing the motion and then was provided with the verified answers in sufficient time to be utilized at Plaintiff's deposition the Court concludes that under these

circumstances an award of fees and expenses would be unjust. Moreover, the failure to provide verified answers without the necessity of a motion appears to be a function of the parties being unable to reach one another, rather than the result of inaction or dilatory conduct by counsel. For these reasons, Defendant's request for fees and expenses is due to be denied.

Accordingly, upon due consideration, it is **ORDERED**:

Defendant's Motion To Compel Sworn Interrogatory Answers From Plaintiff (Doc. 20) is **DENIED**.

**DONE AND ORDERED** this 28th day of February 2012.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge