IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIRK CIANCIOLO, D.O.,

    Plaintiff,

v.                                      CASE NO. 1:11-cv-196-SPM-GRJ

AVMED, INC., d/b/a
AVMED HEALTH PLANS,

    Defendant.

_____/

**O R D E R**

On March 29, 2012 the Court conducted a telephonic hearing to address Plaintiff's Amended Motion To Compel Production of Documents. (Doc. 26.) During the course of the telephonic hearing it became evident that the hearing should be continued because: (1) telephone connection issues impaired the Court's ability to communicate with counsel, (2) the Defendant had not served its amended privilege log, and (3) the parties had not fully discussed issues relating to electronically stored information ("ESI") as required by Fed.R.Civ.P. 26(f)(3)( C) and as directed by the Court in section (2)(a)(vi) of the Initial Scheduling Order. (Doc. 5.)

With respect to ESI in their Joint Scheduling Report (Doc. 8), other than reaching agreement on the preservation of ESI, the parties did not address any other issues regarding ESI. While some of the discovery disputes discussed at the hearing could have been avoided or resolved if the parties had addressed issues relating to ESI at the beginning of the case, the parties will be directed to do so now before the continued hearing scheduled in this order takes place. As part of their obligation to confer again regarding the discovery issues raised in Defendant's amended motion to compel, the

parties shall also discuss the following ESI issues: (1) the form or forms in which ESI should be produced; (2) the nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought; (3) whether the production of metadata is sought for any type of ESI, and if so, what types of metadata; (4) the various sources of ESI within Defendant's control that should be searched for ESI, and whether Defendant has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information; and (5) the characteristics of Defendant's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems. These issues may be particularly important because Defendant advised the Court during the hearing that its "computer storage systems are antiquated" and that retrieval of some of the requested ESI would be extremely difficult and costly.

With respect to the amended privilege log Defendant shall serve the amended privilege log as directed in this order. Plaintiff shall review the privilege log and before the continued hearing advise Defendant of any documents identified on the privilege log which the Plaintiff intends to challenge. The Court will address any challenges to privilege at the continued hearing.

Lastly, with regard to the discovery issues, which the Court partially addressed at the hearing, the Court is of the view that some of these issues are capable of resolution by counsel if counsel in good faith confer (again) to narrow the focus of the discovery requests. Accordingly, the parties are directed to confer in a good faith effort to resolve as many issues as possible before the continued hearing.

*Case No: 1:11-cv-196-SPM-GRJ*

Accordingly, it is **ORDERED** that:

1. The continued hearing is scheduled before Magistrate Judge Gary R. Jones on **Tuesday, April 10, 2012 at 10:00 a.m.** at the United States Courthouse, 401 S.E. First Avenue, Third Floor Courtroom, Gainesville, Florida. At the continued hearing the Court will address: (1) any unresolved issues raised in Plaintiff's Amended Motion to Compel; (2) any challenges to privilege of any documents identified on Defendant's amended privilege log; and (3) any motions filed by a party to enlarge the discovery deadline or to extend the dispositive motion deadline.

2. Defendant shall serve its amended privilege log to Plaintiff **on or before April 6, 2012**. The amended privilege log shall include the information required by Rule 26(b)(5)(A)(ii).  Plaintiff shall review Defendant's amended privilege log and inform Defendant prior to the continued hearing of any documents whose privileged nature Plaintiff wishes to challenge.

**DONE AND ORDERED** this 30th day of March, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge