IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIRK CIANCIOLO, D.O.,

    Plaintiff,

v.                                                    CASE NO. 1:11-cv-196-SPM-GRJ

AVMED, INC., d/b/a
AVMED HEALTH PLANS,

    Defendant.

_____/

## O R D E R

On April 10, 2012 the Court conducted a continued hearing[1] to address Plaintiff's Amended Motion To Compel Production of Documents. (Doc. 26.) Additionally, the Court addressed Plaintiff's Motion To Compel Production of Documents and After Documents are Produced to Compel Production of Witness to be Re-Deposed (Doc. 47), which was filed on April 9, 2012, the day before the hearing. Lastly, the Court addressed the Defendant's privilege log, which was served on April 6, 2012 (Doc. 41) and the status of production of ESI.

In Plaintiff's Amended Motion To Compel Production of Documents, Plaintiff requested the Court to compel Defendant to produce certain documents responsive to Plaintiff's first request for production. In an effort to narrow the ongoing discovery issues on April 9, 2012 Defendant filed supplemental responses to the Plaintiff's first request for production. (Doc. 47.) The supplemental responses detail by description and date produced documents responsive to Plaintiff's Amended Motion to Compel.

---

[1] The Court previously addressed the motion on March 29, 2012 but continued the hearing so that counsel could confer regarding issues relating to electronically stored information ("ESI") and to enable the Defendant to complete preparation of its privilege log. (Doc.

Plaintiff's counsel advised the Court that these supplemental responses addressed the majority of his concerns. Accordingly, Plaintiff's Amended Motion to Compel is due to be denied. However, because Plaintiff's counsel has not been afforded with an opportunity to review the supplemental responses in detail and to examine each of the documents provided, the Court directed Plaintiff to address any issues with counsel for Defendant if Plaintiff determines after his review that a category of the requested document(s) are not addressed in Defendant's supplemental responses. Any unresolved issues may then be presented to the Court for resolution if necessary.

In Plaintiff's Motion To Compel Production of Documents and After Documents are Produced to Compel Production of Witness to be Re-Deposed ("Plaintiff's Second Motion to Compel") (Doc. 47), Plaintiff advises that he was provided with additional documents on Friday, April 6, 2012, produced from the file maintained by Ed Hannum, Defendant's President and Chief Operating Officer. These documents consist of handwritten notes from a file Mr. Hannum testified about at Mr. Hannum's April 4, 2012 deposition. One of the documents identified at Mr. Hannum's deposition were handwritten notes from an October 11, 2012 meeting between Mr. Hannum and Plaintiff.

At the hearing Defendant's counsel represented that all of the handwritten notes in Mr. Hannum's file were produced to Plaintiff but that despite Mr. Hannum's testimony Defendant has not identified any notes of the October 11, 2011 meeting.

Plaintiff requests the Court to compel Defendant to produce the notes from the October 11, 2012 meeting and that the Court grant Plaintiff permission to depose Mr. Hannum with regard to the handwritten notes delivered to counsel after the conclusion of Mr. Hannum's deposition.

For the reasons discussed by the Court on the record at the hearing, Plaintiff's Second Motion to Compel is due to be granted to the extent that Plaintiff shall be permitted to depose Mr. Hannum. The deposition shall be limited to examination reasonably related to the documents delivered to Plaintiff after the deposition and shall be conducted in Tampa, Florida either on a date to coincide with the party's scheduled mediation session on April 23, 2012 or no later than April 30, 2012. In all other respects Plaintiff's Second Motion to Compel is due to be denied.

The Court also addressed at the hearing the most efficient procedure for determining whether the documents identified on Defendant's privilege log are subject to protection under the attorney-client privilege. The amended privilege log, served by Defendant, identified 555 documents bates stamped AVMED PRIV 00001 to AVMED PRIV 000555. The parties jointly requested the Court to conduct an *in camera* review of the documents to determine whether the documents were subject to the attorney-client privilege. In this regard, Defendant provided the Court with a copy of the privilege log and copies of each of the documents identified on the privilege log.[2]

The Court has now conducted the *in camera* review of the documents identified on Defendant's privilege log. After reviewing each of the documents the Court concludes that each of the documents bates stamped AVMED PRIV 00001 to AVMED PRIV 000555 are protected from disclosure by the attorney-client privilege. Accordingly, Defendant is not required to produce to Plaintiff the documents bates stamped AVMED PRIV 00001 to AVMED PRIV 000555.

Lastly, the Court and the parties discussed the progress of the ongoing

---

[2] The Court advised the parties that the copies of the documents reviewed by the Court *in camera* would be filed under seal so there would be a complete record of the documents that are the subject of the Court's ruling.

production by the Defendant of ESI, which is focused primarily upon identifying emails from a list of Defendant's management level employees, who Plaintiff has identified as having involvement with the issues relevant to this case.

Defendant has submitted the affidavit of John Christly, AvMed's Director of Information Security and Technology, (Doc. 43, Ex. "C"), which details the process of restoring, retrieving and then searching for emails responsive to Plaintiff's request for production. The process involves restoration of 56 back-up tapes from Defendant's Miami email server and restoration of 50 back-up tapes from Defendant's Gainesville email server. The process requires that the Defendant obtain the back-up tapes from a third party storage company and then restore each tape to a data file so that the information is in a format that is retrievable. The data files must then be imported to a standby email server, secured, compressed and saved and then transmitted to the vendor conducting the search of the data through software designed to identify relevant emails and documents. According to Defendant, it has completed this process for 11 of the 106 back-up tapes. Defendant represents that this process is both time consuming and costly.

Plaintiff first became aware of the time and cost involved in the retrieval of ESI when the Christly affidavit was filed. The Plaintiff, therefore, advised the Court that he wanted to conduct the deposition of Mr. Christly before he could fully address issues relating to the ESI search, the putative cost of conducting the retrieval of ESI or any issues of cost shifting under the framework identified in *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280 (S.D.N.Y. 2003). However, unless or until the Court is presented with a request for cost shifting on a prospective basis, the Court directed – and Plaintiff agreed – that Defendant may hold in abeyance the process of restoring, retrieving and

searching the back-up tapes. Defendant shall, however, continue with the review and production of any ESI already retrieved and which is in the process of being reviewed by Defendant's counsel for production.

Accordingly, upon due consideration, it is **ORDERED**:

1. Plaintiff's Amended Motion To Compel Production of Documents (Doc. 26) is **DENIED** without prejudice.

2. Plaintiff's Motion To Compel Production of Documents and After Documents are Produced to Compel Production of Witness to be Re-Deposed (Doc. 47) is **GRANTED** to the extent that Plaintiff is permitted to depose Ed Hannum as limited by this Order. The deposition shall take place in Tampa, Florida either to coincide with the scheduled mediation on April 23, 2012 or no later than **April 30, 2012**. In all other respects Plaintiff's motion is due to be **DENIED**.

3. Defendant's documents identified on its privilege log, bates stamped AVMED PRIV 00001 to AVMED PRIV 000555, are protected by the attorney-client privilege and Defendant is not required to produce those documents to Plaintiff.

4. The Clerk is instructed to place the file folder containing Defendant's documents bates stamped AVMED PRIV 00001 to AVMED PRIV 000555 under seal and to make an appropriate notation on the docket.

5. Defendant shall hold the restoration, retrieval and search of ESI from its back-up tapes in abeyance pending further Court order or agreement between the parties.

6. The parties' respective requests for attorney's fees and expenses in filing the motions to compel and in responding to the motions are **DENIED**.

**DONE AND ORDERED** this 12th day of April, 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge